UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA LEE ADAMS and
BARRY WAYNE ADAMS,

        Plaintiffs,

v.                                                Case No. 4:05-cv-62

CITY OF MARSHALL, MARSHALL CITY        Hon. Wendell A. Miles
POLICE, MICHAEL OLSON, MAURICE
EVANS, BRUCE ELZINGA, ANDREW
GROENEVELD, LEE FRIEND, TOM KING,
GAIL M. BUDROW-BRADSTREET, STEVEN
QUIGLEY, VINCE TRUDELL, and JOHN DOE(S)
and JANE DOE(S),

        Defendants.
_____/

OPINION AND ORDER

        This matter is before the Court on Defendant Vince Trudell's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and /or Fed. R. Civ. P. 56 (Dkt. # 11). Plaintiffs have not responded. For the reasons that follow, the Court will grant the motion.

Background

        Plaintiffs have owned and resided in a home in Marshall, Michigan since 1993. They maintained the backyard as a "natural garden and microhabitat for native wildlife." (Complaint, statements 1, 4). In March 2001, the City of Marshall passed a "noxious weed ordinance." Approximately four years later, on May 10, 2004, Defendant Andrew Groeneveld, a Marshall City police officer, delivered to Plaintiff Norma Lee Adams an "Ordinance Violation Notice," with instructions to "take care of it." (Complaint, statement 18). Plaintiffs reviewed the notice

and concluded that (a) it was based upon a repealed section of the ordinance, (b) "the nature of the accusation was unclear, and without specificity and particularity," and (c) there was no procedure for appeal. (Complaint, statement 21). Plaintiffs returned the document to the Marshall City Police with a demand for clarification. They received no response. On June 16, 2004, Defendant Groeneveld and Defendant Michael Olsen, also a Marshall City Police Officer, came to Plaintiff's property with employees of Marshall Cutting Edge Lawncare, owned by Defendant Steven Quigley, and, despite Plaintiffs' protests, began cutting and removing plants located in Plaintiffs' backyard. The work was completed on June 17, 2004.

On June 18, 2004, Plaintiffs mailed a statement for damages in the amount of $46,580 to Steven Quigley, and, on June 21, 2004, presented the statement to the Marshall City Counsel. Neither Steven Quigley nor the City Counsel responded to Plaintiffs' statement. On July 13, 2004, the City of Marshall sent an invoice to Plaintiffs in the amount of $2,355.95 representing the cost of service pertaining to the "noxious weeds." Plaintiffs dispute the charge.

As to Defendant Trudell specifically, Plaintiffs alleged that he is a neighbor who, in the summer of 2001: (a) met with police officers about organizing a Neighborhood Watch Program, (b) delivered flyers in the neighborhood announcing the program and inviting his neighbors to an organizational meeting, and (c) went door-to-door with a police officer inviting his neighbors to the meeting. Further, at a Neighborhood Watch meeting at Defendant Trudell's home held on September 6, 2001, Defendant Elzinger, the City of Marshall Director of Public Safety, spoke on the issue of enforcing ordinances such as the noxious weed ordinance. This was the first of the Neighborhood Watch meetings that Plaintiff Barry Adams had attended.

Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay trial any party may move for judgment on the pleadings."  A motion under Rule 12(c) is determined under the same standard of review as a motion under Rule 12(b)(6).  Morgan v. Church's Fried Chicken, 829 F. 2d 10, 11 (6th Cir. 1987).  The court may consider only the facts pleaded in the complaint, construe the complaint in the light most favorable to the plaintiff, and accept all factual allegations as true.  Nelson v. Miller, 170 F. 3d 641, 649 (6th Cir. 1999).   The court need not accept as true any legal conclusions or unwarranted factual inferences.  Church's Fried Chicken, 829 F. 2d at 12.

Discussion

Because Title 42 U.S.C. section 1983 does not contain a statute of limitations, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir.2003) (citing Wilson v. Garcia, 471 U.S. 261, 275-76 (1985)). The appropriate statute of limitations to be borrowed for section1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims.  Wolfe v. Perry, 412 F.3d 707, 713 -14 (6th Cir. 2005); see MICH. COM. LAWS § 600.5805(10).   Defendant Trudell's  participation in the alleged wrongdoing occurred in 2001, with the latest act alleged occurring on September 6, 2001. Plaintiffs filed their complaint on June 16, 2005.  Plaintiffs' claims against Defendant Trudell are clearly barred by the statute of limitations.

Even if Plaintiffs' claims against Defendant Trudell were not barred by the statute of limitations, the allegations against Defendant Trudell fail to state a claim.  To state a claim under

3

section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The basic purpose of section 1983 is to "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. 158, 169 (1992). Plaintiffs appear to recognize the "state actor" requirement as the complaint designates each Defendant that Plaintiffs are asserting is a "State Actor Operating Under Color of Law And *de facto* Authority." (Complaint, Caption). Plaintiffs do not designate Defendant Trudell as a state actor in the caption or body of the complaint.

Accepting Plaintiffs' allegations as true, Defendant Trudell organized a Neighborhood Watch Program in 2001, and the "noxious weed" issue was addressed at a meeting held in Defendant Trudell's home, and perhaps at his request, although that has not been alleged. Because (a) these allegations simply do not show any action by Defendant Trudell that violated Plaintiffs' constitutional rights, and (b) Defendant Trudell is not a state actor, Plaintiffs have failed to state a claim against Defendant Trudell.

## Conclusion

For the foregoing reasons, pursuant to FED. R. CIV. P. 12(c), the Court GRANTS Vince Trudell's Motion for Judgment on the Pleadings.


So ordered this 12th day of October, 2005.

                                               /s/ Wendell A. Miles
                                               Wendell A. Miles
                                               Senior U.S. District Judge