UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA LEE ADAMS and
BARRY WAYNE ADAMS,

        Plaintiffs,

v.                                                                                                  Case No. 4:05-cv-62

CITY OF MARSHALL, MARSHALL CITY                              Hon. Wendell A. Miles
POLICE, MICHAEL OLSON, MAURICE
EVANS, BRUCE ELZINGA, ANDREW
GROENEVELD, LEE FRIEND, TOM KING,
GAIL M. BUDROW-BRADSTREET, STEVEN
QUIGLEY, VINCE TRUDELL, and JOHN DOE(S)
and JANE DOE(S),

        Defendants.
_____/

OPINION AND ORDER

      This matter is before the Court on "Defendant Marshall Cutting Edge, Inc.'s Motion for More Definite Statement in Lieu of Filing an Answer "(Dkt. # 15), and "Defendant Steven Quigley's Motion of Consolidated Defenses Pursuant to Fed. R. Civ. P. 12(g)" (Dkt. # 18). For the reasons that follow, the Court will grant the Motion of Consolidated Defenses and dismiss this action against Steven Quigley.

Background

      Plaintiffs have owned and resided in a home in Marshall, Michigan since 1993. They maintained the backyard as a "natural garden and microhabitat for native wildlife." (Complaint, statements 1, 4). In March 2001, the City of Marshall passed a "noxious weed ordinance." Approximately four years later, on May 10, 2004, Defendant Andrew Groeneveld, a Marshall

City police officer, delivered to Plaintiff Norma Lee Adams an "Ordinance Violation Notice," with instructions to "take care of it." (Complaint, statement 18). Plaintiffs reviewed the notice and concluded that (a) it was based upon a repealed section of the ordinance, (b) "the nature of the accusation was unclear, and without specificity and particularity," and (c) there was no procedure for appeal. (Complaint, statement 21). Plaintiffs returned the document to the Marshall City Police with a demand for clarification. They received no response. On June 16, 2004, Defendant Groeneveld and Defendant Michael Olsen, also a Marshall City Police Officer, came to Plaintiff's property with employees of Marshall Cutting Edge Lawncare, owned by Defendant Steven Quigley, and, despite Plaintiffs' protests, began cutting and removing plants located in Plaintiffs' backyard. The work was completed on June 17, 2004.

     Plaintiffs further allege:

> That on June 18, 2004, Plaintiff and Natural Person Barry Wayne Adams made presentment by certified mail of an affidavit "Bill for Damages" totaling $46,580.00 to "MARSHALL CUTTING EDGE LAWNCARE, INC." owned by Defendant Steven Quigley. Reference - Attachment E - copy of affidavit "Bill for Damages" of June 18, 2004.
>
> . . .
>
> That Defendant Steven Quigley failed to respond or reply by affidavit or otherwise to the claims made in the "Bill of Damages" sent by certified mail at [sic] the June 18, 2004, and said claim is now an "account stated," and is due and payable to Plaintiff and Natural Person Barry Wayne Adams. Reference - [MCL 600.2145].[1]

(Complaint, statements 30, 32). On June 21, 2004, Plaintiffs also presented the "Bill of

---

[1] The cited statute provides that, if the plaintiff in an action to recover the amount due upon an account stated serves upon the defendant, in addition to a copy of the complaint, an affidavit of the amount due on the account, and a copy of the account, and if the defendant does not then respond with an affidavit of denial, the plaintiff's affidavit is deemed prima facie evidence of the amount due.

Damages" to the Marshall City Counsel.  Neither Marshall Cutting Edge Lawncare, Inc., Steven Quigley or the Marshall City Counsel responded to Plaintiffs' "Bill of Damages."  On July 13, 2004, the City of Marshall sent an invoice to Plaintiffs in the amount of $2,355.95 representing the cost of servicing Plaintiffs' backyard.   Plaintiffs dispute the charge.

Plaintiffs filed their complaint pursuant to 42 U.S.C. § 1983.  They seek damages, and declaratory and injunctive relief.  Although Marshall Cutting Edge, Inc. has filed a Motion for More Definite Statement in Lieu of Filing an Answer, Marshall Cutting Edge, Inc. was not named as a defendant.  In Defendant Quigley's motion, he asserts that the complaint against him should be dismissed pursuant to Rule 12(b)(6) or 12(c) of the Federal Rules of Civil Procedure.

Standard of Review

Rule 12(c) provides that a party may move for judgment on the pleadings "after the pleadings are closed.," FED. R. CIV. P. 12(c), while Rule 12(b) provides for a motion to dismiss for failure to state a claim to be filed "before pleading if a further pleading is permitted." FED. R. CIV. P. 12(b). Because Defendant Quigley has not yet filed an Answer to the Complaint, the Court will review his motion under the Rule 12(b)(6) standard.

A motion under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims.  Barrett v. Harrington, 130 F. 3d 246, 251 (6th Cir. 1997).  The court must accept as true all factual allegations in the complaint and any ambiguities must be resolved in the plaintiff's favor.  Ziegler v. IBP Hog Market, 249 F. 3d 509, 511-512 (6th Cir. 2001).  While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant " 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Though liberal,

this standard of review requires more than the bare assertion of legal conclusions. <u>Allard v. Weitzman (In re DeLorean Motor Co.)</u>, 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. <u>Id.</u> (citations omitted). The court need not accept as true legal conclusions or unwarranted factual inferences. <u>Perry v. American Tobacco Co.</u>, 324 F.3d 845, 848 (6th Cir.2003). Exhibits attached to the complaint are treated as part of the complaint for all purposes, Fed.R.Civ.P. 10(c), and are also to be read in the light most favorable to the plaintiff. <u>Id.</u> A complaint should be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

Discussion

Plaintiffs bring this action under "42.U.S.C. § 1983, inter alia," (Civil Cover Sheet). Plaintiffs sue Defendant Steven Quigley "in his individual capacity." (Complaint, p. 2). Defendant Quigley is not one of the defendants that Plaintiffs have designated as a "State Actor Operating Under Color of Law And de facto Authority." (Complaint, caption) To state a claim under section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Plaintiffs claim that the Defendants violated their rights under the federal and state constitutions. It also appears they may be asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and state law claims for trespass and collection on an account stated.

Specific to Defendant Quigley, Plaintiffs appear to assert two claims.  First, as the owner of  Marshall Cutting Edge Lawncare, Inc., Defendant Quigley violated Plaintiffs' constitutional rights when employees of the corporation cut and removed plants from Plaintiffs' backyard under the direction of City of Marshall police officers, and presumably at the request of the City of Marshall.  Second, that Plaintiffs' act of sending  Marshall Cutting Edge Lawncare, Inc. a Bill of Damages pursuant to MICH. COM. LAWS § 600.2145 established an "account stated," for which Defendant Quigley is liable.

The law treats a corporation as an entirely separate entity from its stockholders, even where only one person owns all of the corporate stock, Rymal v. Baergen, 262 Mich. App. 274, 293, 686 NW 2d 241 (2004); Foodland Dist. v. Al-Naimi, 220 Mich. App. 453, 559 NW 2d 379 (1996), and the separation of identities is to be respected. Bitar v. Watkin, 456 Mich. 428, 431, 572 NW 2d 191, 192 (1998); see Burnet v. Clark, 287 U.S. 410, 415 (1932) ("A corporation and its stockholders are generally to be treated as separate entities").   Thus, as a general rule, shareholders, directors and officers of a corporation cannot be held personally liable for the corporation's acts or debts. Bitmar at 431. Under Michigan law, before a court may disregard the corporate entity there must be some patent abuse or misuse of the corporate form which causes a plaintiff's injuries, not merely a wrong committed by the corporation.  Foodland, 220 Mich. App. at 456; Solomon v. Western Hills Dev. Co. (After remand), 110 Mich. App. 257, 264, 312 NW 2d 428 (1981); Gledhill v. Fisher Co., 272 Mich. 353, 358, 262 NW 371 (1935); see United States v. Bestfoods, 524 U.S. 51, 62 (1998) ("the corporate veil may be pierced . . . when, inter alia, the corporate form would otherwise be misused to accomplish certain wrongful purposes . . . .").

Plaintiffs do not claim that Marshall Cutting Edge Lawncare Inc.'s corporate identity should be disregarded, nor are there any factual allegations that, if proven, could establish the criteria necessary for disregarding the corporate identity. Accordingly, Defendant Quigley cannot be held individually liable for the alleged constitutional violations committed by Marshall Cutting Edge Lawncare, Inc, or for Marshall Cutting Edge Lawncare, Inc.'s alleged debt to Plaintiffs.[2]

## Conclusion

For the reasons discussed above, the Court GRANTS Defendant Steven Quigley's Motion of Consolidated Defenses Pursuant to FED. R. CIV. P. 12(g), (Dkt. # 18), and DISMISSES the complaint against Steven Quigley pursuant to FED. R. CIV. P. 12(b)(6); further, the Court DISMISSES as moot Defendant Marshall Cutting Edge, Inc.'s Motion for More Definite Statement in Lieu of Filing an Answer (Dkt. # 15).

So ordered this 14th day of October, 2005.

>  /s/ Wendell A. Miles
>  Wendell A. Miles
>  Senior U.S. District Judge

---

[2] To the extent Plaintiffs contend that their submission of a Bill of Damages to Marshall Cutting Edge Lawncare, Inc. pursuant to MICH. COM. LAWS § 600.2145 establishes a legally enforceable "account stated", their conclusion is not accurate. An account stated is a balance struck between parties on a settlement. Keywell & Rosenfeld Bithell, 254 Mich. App. 300, 331 NW 2d 759 (2002); Kaunitz v. Wheeler, 344 Mich. 181, 185, 73 NW 2d 263 (1955). Only where a plaintiff establishes that the mutual dealings between the parties have been adjusted, settled, and a balance struck, will the law imply a promise to pay that balance. Keywell at 331. It is clear from Plaintiffs' complaint that there has been no settlement between Plaintiffs and Marshall Cutting Edge Lawncare, Inc. or Defendant Quigley.