UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA LEE ADAMS and
BARRY WAYNE ADAMS,

        Plaintiffs,

v.                                                  Case No. 4:05-cv-62

CITY OF MARSHALL, MARSHALL CITY        Hon. Wendell A. Miles
POLICE, MICHAEL OLSON, MAURICE
EVANS, BRUCE ELZINGA, ANDREW
GROENEVELD, LEE FRIEND, TOM KING,
GAIL M. BUDROW-BRADSTREET, STEVEN
QUIGLEY, VINCE TRUDELL, and JOHN DOE(S)
and JANE DOE(S),

        Defendants.
_____/

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' "Notice of Demand for Summary Judgment by Affidavit" (Dkt. # 26), which the Court construes as a Motion for Summary Judgment. Defendant Steven Quigley has responded. For the reasons that follow, the Court will deny the motion.

Plaintiffs arguments are as follows: (1) that all of the defendants have been served, and the attorneys who have communicated with Plaintiffs claim to represent "unknown fictional entities that were not named in the original complaint," (Motion at no. 3); (2) in the defendants' responses to the complaint the defendants are identified in a manner indicating they are entitled to corporate or official immunity (Motion at no. 5); (3) there have been "no timely response[s] from individual proper parties defendant as individuals in their individual capacities" (Motion at

no. 4), and accordingly, they are in default; and (4) "defendant Tom King and Vince Trudell have subsequently colluded, combined and conspired to assist proper party defendant Vince Trudell in escaping instant liabilities by the filing of a bankruptcy action in Federal bankruptcy court" (Motion at no. 9).

Plaintiffs are apparently complaining that in the caption of documents filed in this case by the defendants the parties' names are in all capital letters, rather than a mix of capital and lower case letters as Plaintiffs used in the caption of their complaint. Plaintiffs have not cited, and the Court could not find, any legal authority supporting Plaintiffs' contention. Captioning court documents with all capital letters complies with FED. R. CIV. P. 10(a). The use of all capital letters in the caption of court documents "is a typographical convention without legal significance." U.S. v. Heijnen 375 F.Supp.2d 1229, 1231 (D.N.M.,2005); accord U.S. v. Rogers, 16 Fed. App'x 38 (2nd Cir. 2001); U.S. v. Beaner, No. CIV-04-4041, 2005 WL 1503217, *3 (D.S.D. June 25, 2005) (finding the capital letter argument frivolous); DeJesus v. Jeshke, No. 02 C 1685, 2002 WL 1858787 *1 (N.D. Ill. August 9, 2002) (explaining that the formatting of the words in a caption does not override the plain meaning of the words themselves); Mathis v. U.S. Dep't of Treasury, No. 02-CV-55 B, 2002 WL 1396531 (D. Wyo. May 9, 2002); U.S. v. Sweet, No. 8:01-CV-331-T-23 TGW, 2001 WL 1346666 (M.D. Fla. September 17, 2001) (finding that the argument fails the "laughable test"); Law Offices of Dean Malone v. IRS, No. CIV 3:00CV0466H, 2000 WL 33152233 (N.D. Tex. December 22, 2000) (finding argument frivolous). It is simply a stylistic technique that is unrelated to a person's identity. Heijnen at 1231. Names are spelled in all capitals on driver's licenses in some states, on United States passports, on some birth certificates and some diplomas. See Sweet at *4.

Each of the Defendants have responded to Plaintiffs' complaint by answer or pre-answer motion, indicating they received notice of Plaintiffs' pleadings and acknowledge they are the named Defendants. Moreover, naming defendants in the caption by using capital letters is immaterial to the immunity issue. Accordingly, the practice of captioning court documents in with Defendants' names in all capital letters has not, and will not, affect any of Plaintiffs' substantive rights.

By earlier order the complaint was dismissed against Vince Trudell and he is no longer a defendant in this action. Accordingly, Mr. Trudell's bankruptcy filing is not relevant to this case.

The Plaintiffs would be entitled to summary judgment only if they clearly established that there are no material issues of fact, and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1996). The allegations in Plaintiffs' motion do not clearly establish the absence of material issues of fact; nor do they establish that Plaintiffs are entitled to judgment as a matter of law. Accordingly, the Court finds that Plaintiffs are not entitled to summary judgment.

For the reasons discussed above, the Court DENIES the Plaintiffs' Motion for Summary Judgment.

So ordered this 24th day of October, 2005

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge