UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA LEE ADAMS and
BARRY WAYNE ADAMS,

       Plaintiffs,

v.                                                                                  Case No. 4:05-cv-62

CITY OF MARSHALL, MARSHALL CITY                      Hon. Wendell A. Miles
POLICE, MICHAEL OLSON, MAURICE
EVANS, BRUCE ELZINGA, ANDREW
GROENEVELD, LEE FRIEND, TOM KING,
GAIL M. BUDROW-BRADSTREET, STEVEN
QUIGLEY, VINCE TRUDELL, and JOHN DOE(S)
and JANE DOE(S),

       Defendants.
       _____/

OPINION AND ORDER

       This matter is before the Court on Defendants' Counter-Motion for Summary Judgment (Dkt. # 37), Defendants' Motion for Sanctions (Dkt. #39), Defendants' Motion for Contempt Bond (Dkt. #42), and Plaintiffs' Notice of Objection, Demand to Strike, and Demand for Injunctive Relief (Dkt. #40), which the Court construes as a Motion for Reconsideration. Plaintiffs have responded to Defendants' motions (Dkt. #47). For the reasons that follow, the Court denies the Plaintiffs' Notice of Objection, denies the Defendants' Motion for Sanctions and Motion for Contempt Bond, and partially grants and partially denies Defendants' Motion for Summary Judgment.

Background

Plaintiffs allegedly maintained the backyard of their home in Marshall, Michigan as a "natural garden and microhabitat for native wildlife." (Complaint, statements 1, 4). On May 10, 2004, Plaintiffs received an Ordinance Violation Notice. Plaintiffs returned the notice with a demand for clarification, but received no response. On June 16, 2004, a lawn service, accompanied by two Marshall City Police officers, began cutting and removing plants located in Plaintiffs' backyard despite Plaintiffs' protests. The work was completed on June 17, 2004. On July 13, 2004, the City of Marshall sent an invoice to Plaintiffs in the amount of $2,355.95 representing the cost of service pertaining to the "noxious weeds."

Plaintiffs assert causes of action under the Fourth, Fifth, Ninth and Tenth Amendments to the United States Constitution.

**A. Plaintiffs' Motion for Reconsideration**

Plaintiffs object to the Court's orders dismissing the complaint against Vince Trudell and Steven Quigley (Dkt. ##32, 33 respectively), and denying Plaintiffs' motion for summary judgment (Dkt. #38). Pursuant to FED. R. CIV. P. 54(b), a non-final order is subject to reconsideration at any time before entry of a final judgment. Under the local rules, a motion for reconsideration may not present the same issue ruled upon. W.D. MICH. LCIVR 7.4(a). The movant must demonstrate a palpable defect by which the court has been misled and that a different disposition of the case must result from a correction thereof. *Id.* Plaintiffs make no intelligible arguments that would undermine the Court's reasoning with regard to any of the challenged orders. Indeed, Plaintiffs fail to address the basis for the Court's determinations, but

simply reiterate their earlier arguments and cite no additional cases in support of their position. The Court has addressed and rejected Plaintiffs' arguments. If Plaintiffs disagree with the Court's determinations, once a final judgment has been entered in this case, Plaintiffs are entitled to appeal this Court's rulings to the Sixth Circuit Court of Appeals.

Plaintiffs also ask the Court to strike from the record Defendants' Motions for Summary Judgment, for Sanctions and for Contempt Bond, arguing that the documents were filed for the purposes of defrauding the Court. Plaintiffs, however, are merely challenging Defendants' contentions and evidence. In due course, Plaintiffs will have an opportunity to offer their own evidence that may, or may not, refute Defendants' position and prove Plaintiffs' case.

Accordingly, Plaintiffs' Motion for Reconsideration is denied.

### B. Defendants' Counter-Motion for Summary Judgment

Defendants contend that the Marshall City Police Department is not a proper defendant, the individual defendants are shielded by qualified immunity, and Plaintiffs have failed to state a claim under the Fourth Amendment.

Summary judgment is proper only where there exists no genuine issue of material fact and one party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1996). The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party opposing the motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. "If after reviewing the record as a whole a rational factfinder could not find for the nonmoving party, summary judgment is appropriate." Braithwaite v. The Tinken Co., 258 F. 3d 488, 493 (6th Cir. 2001).

### Marshall City Police Department

Plaintiffs sue both the City of Marshall and the Marshall City Police Department. However, it is well established that a city's police department is not a separate legal entity which is capable of being sued. This is so because, under Michigan law, a municipal police departments is "merely a creature" of the city that has created it. Moomey v. City of Holland, 490 F.Supp. 188, 190 (W.D.Mich.1980); see Laise v. City of Utica, 970 F. Supp. 605, 608 (E.D. Mich. 1997); Pierzynowski v. City of Detroit Police Dep't, 941 F. Supp. 633 (E.D. Mich. 1996); Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc. 803 F.Supp. 1251, 1256 (E.D.Mich.,1992). Thus, when a municipal police department is sued, the real party in interest is the city. Moomey, 490 F. Supp. at 190. Where a plaintiff has named a city as defendant, to also name its police department is redundant and unnecessary. Accordingly, Defendants' Motion for Summary Judgment will be granted as to the Marshall City Police Department.

### Constitutional Violations

Although Defendants have not addressed Plaintiffs' causes of action under the Ninth and Tenth Amendments, the court will dismiss them for failure to state a claim upon which relief

may be granted. The Ninth Amendment states that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend. IX. The Ninth Amendment does not create a basis for recovery independent of Plaintiffs' other claims because the Ninth Amendment confers no substantive rights in addition to those conferred by other portions of the Constitution. Gibson v. Matthews, 926 F.2d 532, 537 (6th Cir. 1991).

The Tenth Amendment, which states that the "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people," U.S. CONST., amend. X, was enacted to allay lingering concerns about the extent of the national power. New York v. United States, 505 U.S. 144, 156-57 (1992). The Amendment confirms that the power of the federal government is subject to limits. Id. at 157. Plaintiffs' allegations do not give rise to a cause of action under the Tenth Amendment. Accordingly, Defendants are entitled to summary judgment on the Ninth and Tenth Amendment claims.

Plaintiffs assert claims under the Fourth and Fifth Amendments, which respectively guarantee "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. CONST. amend. IV, and the right not to be deprived of property without "due process of law." Both the Fourth and Fifth Amendments are applicable to the states by the Fourteenth Amendment. Ker v. California, 374 U.S. 23, 30-31 (1963) (Fourth Amendment); Malloy v. Hogan, 378 U.S. 1, 6 (1964) (Fifth Amendment). The Fourth Amendment applies in the civil context, and is not confined to a seizure that results from a search. Soldal v. Cook, 506 U.S. 56, 67-68 (1992). A seizure of property within the meaning of the Fourth Amendment occurs when "there is some meaningful interference with an

5

individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). The destruction of property is a meaningful interference with an individual's property interests and is, therefore, a seizure under the Fourth Amendment. Id. at 124-25. However, in order to be actionable a seizure of property must be objectively unreasonable. Soldal v. Cook, 506 U.S. 56, 71 (1992). Generally, "an abatement carried out in accordance with procedural due process is reasonable in the absence of any factors that outweigh governmental interests." Samuels v. Meriwether, 94 F.3d 1163, 1168 (8th Cir. 1996) (citation omitted); see Santana v. City of Tulsa 359 F.3d 1241, 1245 (10th Cir. 2004) (holding that as long as procedural due process standards are met and no unreasonable municipal actions are shown, a nuisance abatement action does not violate the Fourth Amendment). Thus, one of the important factors a court must consider when reviewing an alleged Fourth Amendment claim is whether the property owner received due process.

Due process requires that persons whose property interests are at stake be afforded "notice and an opportunity to be heard." Dusenbery v. United States, 534 U.S. 161, 167 (2002). At this point in the case, there are genuine issues of material facts regarding the process afforded to Plaintiffs before the vegetation in their backyard was cut and/or removed. Defendants argue that the decision in People v. McKendrick, 188 Mich. App. 128, 468 NW 2d 903 (Mich. App. 1991) disposes of Plaintiffs' Fourth and Fifth Amendment claims. In McKendrick, also a weed abatement case, the court found that the weed ordinance of the City of Ferndale was Constitutional, and that when enforcing the ordinance a pre-abatement hearing was not required. While the City of Ferndale's weed ordinance may be Constitutional, it does not necessarily follow that the City of Marshall's weed ordinance is also Constitutional, or that Marshall's

enforcement of its ordinance was carried out in a constitutional manner with regard to Plaintiffs. From the facts reported in McKendrick, it appears there were significant differences in the process afforded McKendrick and the process, or lack of process, allegedly afforded Plaintiffs. The McKendrick Court pointed out, among other factors, that (1) "a property owner who disagrees with the violation determination could contact the weed and grass inspector for further clarification," and (2) "property owners found to be in violation of the ordinance have the right to appeal to the circuit court," citing MICH. COM. LAWS § 117.30. 188 Mich, App. at 140. The present Plaintiffs allege that they returned the violation notice, indicating they disputed the determination that they were in violation of the weed ordinance, and asking for clarification.[1] They received no response, and apparently no action was taken with regard to their request for clarification. In addition, in McKendrick, the lawn care persons went to the property and began cutting the grass pursuant to a "cut order" and a court order permitting entry onto the property. Id. at 131. Under MICH. COM. LAWS § 117.30, "[i]n all actions and prosecutions arising under the charter and ordinances of the city," a party has "the right of appeal to the circuit court of the county ." The property owners in McKendrick obviously had a court order to appeal. Here, Defendants have not shown that a decision by a city police officer regarding noxious weeds amounts to an "action" or "prosecution" within the meaning of § 117.30 that Plaintiffs could

---

[1] The Ordinance Violation Notice stated that Plaintiffs' property was in violation of Ordinance 17-38. (Compl., attachment C). A copy of the City of Marshall's Ordinance No. 00-08, attached to Defendants counter-motion for summary judgment, shows sections 17-31 through 17-35, and states that sections 17-36 through 17-39 are repealed. Handwritten on the copy is the date March 31, 2004. If March 31, 2004, was the effective date of Ordinance No. 00-08, section 17-38 had been repealed before Plaintiffs received the May 10, 2004 notice of a violation of section 17-38.

have appealed to the county circuit court.[2]  Finally, the McKendrick property owners were cited for having grass growing over seven inches, which is easily determined with little or no risk of error.  Plaintiffs are challenging Defendants' determination that the vegetation on Plaintiffs' property constituted noxious weeds, which could be subject to disagreement.  Defendants, of course, may present evidence showing that McKendrick is on point, or that Plaintiffs simply failed to assert their right to an available procedure for disputing a notice of ordinance violation.  However, at this time, Defendants have not submitted such evidence.

Accordingly, because the facts necessary to determine Plaintiffs' Fourth and Fifth Amendment claims are not settled, summary judgment is inappropriate.

Qualified Immunity

Plaintiffs are suing the individual defendants in their personal capacities.  Under the doctrine of qualified immunity, "government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

---

[2] Section 117.29, which immediately precedes section 117.30, provides that:
(1) "the district court, a municipal court, or the circuit court . . . may hear, try, and determine actions and prosecutions for the recovery and enforcing of fines, penalties, and forfeitures imposed by the charter and ordinances of the city, and sanction offenders for the violation of the charter and ordinances, as is prescribed and directed in the charter and ordinances.
(2) . . . a city may provide for an administrative hearings bureau to adjudicate alleged violations of ordinances and impose sanctions consistent with this act. MICH. COM. LAWS § 117.29.  It is likely that "actions and prosecutions"in section 117.30 refers to those "actions and prosecutions" before a district, municipal or circuit court or the administrative hearings bureau provided for in section 117.29.

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The decisive question is whether the state of law at the time of the actions alleged gave the Defendants fair warning that their conduct was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (2002). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 493 U.S. 635, 640 (1987). Qualified immunity is evaluated under a purely objective standard, and the official's subjective belief is not considered. Harlow, 457 U.S. at 819; Sandul v. Larion, 119 F.3d 1250, 1254 (6th cir. 1997). It is unquestionable that in 2004, it was well established that a person was entitled to due process before being deprived of property, and that due process entailed, at the least, notice and an opportunity to be heard. Based upon the record at this time, the Court cannot find that Defendants are entitled to qualified immunity.

### C. Defendants' Motions for Sanctions and Contempt Bond

Defendants ask that Plaintiffs be ordered to post a $1,500 contempt bond and file a sworn affidavit that they have read Rule 11, arguing that such measures are warranted for the reasons set forth in Washington v. Alaimo, 934 F. Supp. 1395 (S.D. Ga. 1996) (Ex. 1 to Motion for Contempt Bond). The Alaimo plaintiff was a frequent filer of frivolous lawsuits in both the federal and state courts. The motion at issue in the case was plaintiff's "Motion to Kiss my Ass," which even the most unsophisticated *pro se* litigant would understand was frivolous, without legal purpose, and submitted for some improper purpose, as well as offensive. Plaintiffs' actions in the present case fall far short of the abusive tactics of the plaintiff in Alaimo.

Defendants also ask that the Court sanction Plaintiffs under Federal Rule of Civil Procedure 11(c). Defendants contend that Plaintiffs' claims are frivolous, and that they have raised frivolous arguments in their several motions and objections. A party is bound by Rule 11 to refrain from filing a complaint or motion "for any improper purpose," from making claims "[un]warranted by existing law," or from making "allegations and other factual contentions [without] evidentiary support." FED. R. CIV. P. 11(b)(1)-(3). The test for imposing Rule 11 sanctions is whether the individual's conduct was unreasonable under the circumstances. Mann v. G & G Mfg., 900 F.2d 953, 958 (6th Cir. 1990).

Plaintiffs are proceeding without benefit of counsel. *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). *Pro se* litigants "should not be precluded from resorting to the courts merely for want of sophistication." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993); see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A complaint is frivolous where it lacks an arguable basis in either law or fact; the term "frivolous" includes "not only the inarguable legal conclusion, but also the fanciful factual allegation. Neitzke v. Williams, 490 U.S. 319, 325 (1989). While Plaintiffs' complaint is not a model of clarity, limited to "simple, concise and direct" averments, FED. R. CIV. P. 8(e)(1), certain things are clear: Defendants cut the vegetation on Plaintiffs' property, and Plaintiffs claim Defendants actions were unreasonable and done without affording Plaintiffs due process. Plaintiffs have alleged sufficient facts to support these claims.

The Plaintiffs' subsequent filings are more troublesome (Notice of Objection, Demand to Strike, and Demand for Injunctive Relief by Affidavit, Dkt. #4; Motion for Summary Judgment, Dkt. #26; Notice of Objection, Demand to Strike, and Demand for Injunctive Relief by Affidavit, Dkt. #47). Generally, the documents re-argue issues that have been decided; contain for the most part conclusory assertions without on-point, legal citation; are excessively wordy; or seek relief that is not appropriate. Nonetheless, the Court will not grant Defendants' motion for sanctions at this juncture. The Court, however, will not revisit issues that have been decided, nor attempt to construe filings that are not clearly motions. If Plaintiffs persist in raising previously decided issues, filing notices and demands rather than proper motions, and filing documents based solely on unsupported, conclusory assertions, Defendants, of course, are entitled to file a second motion for Rule 11 sanctions.

## Conclusion

For the reasons discussed above, the Court:

DENIES Plaintiffs' Notice of Objection, Demand to Strike, and Demand for Injunctive Relief, construed as a Motion for Reconsideration (Dkt. #40);

DENIES Defendants' Motion for Sanctions (Dkt. #39) and Defendants' Motion for Contempt Bond (Dkt. #42); and

GRANTS Defendants' Counter-Motion for Summary Judgment as to the Marshall City Police, and Plaintiffs' Ninth Amendment and Tenth Amendment claims, and DENIES Defendants' Counter-Motion for Summary Judgment (Dkt. # 37) in all other respects.

So ordered this 29th day of December, 2005.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge