UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA LEE ADAMS and
BARRY WAYNE ADAMS,

        Plaintiffs,

v.                                                 Case No. 4:05-cv-62

CITY OF MARSHALL, MARSHALL CITY       Hon. Wendell A. Miles
POLICE, MICHAEL OLSON, MAURICE
EVANS, BRUCE ELZINGA, ANDREW
GROENEVELD, LEE FRIEND, TOM KING,
GAIL M. BUDROW-BRADSTREET, STEVEN
QUIGLEY, VINCE TRUDELL, and JOHN DOE(S)
and JANE DOE(S),

        Defendants.
_____/

## OPINION AND ORDER

        This matter is before the Court on Plaintiffs' Notice of Request for Injunctive and Other Relief by Affidavit, which the Court construes as a motion for preliminary injunction. Defendants have responded. For the reasons discussed below, the Court denies the motion.

        Plaintiffs maintained the backyard of their home in Marshall, Michigan as an alleged natural garden and microhabitat for native wildlife. On May 10, 2004, Plaintiffs received an Ordinance Violation Notice. Plaintiffs returned the notice with a demand for clarification, but received no response. On June 16, 2004, a lawn service, accompanied by two Marshall City Police officers, began cutting and removing plants located in Plaintiffs' backyard despite Plaintiffs' protests. The work was completed on June 17, 2004. On July 13, 2004, the City of Marshall sent an invoice to Plaintiffs in the amount of $2,355.95 representing the cost of

service pertaining to the "noxious weeds." Plaintiffs filed this action asserting claims under the Fourth and Fourteenth Amendments.

On March 13, 2006, at the request of the Marshall City Police Department, the City of Marshall's noxious weed ordinance was published in the Marshall Chronicle. Plaintiffs ask the Court to declare that the publication is null and void, and enjoin the Marshall City Police Department from enforcing the ordinance.

To determine whether to grant a preliminary injunction, the court must weigh: (1) the plaintiffs' likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest. Abney v. Amgen, 443 F.3d 540, 546 (6th Cir. 2006). To establish a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success. Mason County Med. Ass'n v. Knebel, 563 F.2d 256, 261 n.4 (6th Cir. 1977). The plaintiff must show a "strong" or "substantial" likelihood of success. Summit County Democratic Central and Executive Committee v. Blackwell, 388 F.3d 547, 550 (6th Cir. 2004) (must show strong likelihood of success); U.S. v. Holy Land Foundation, 445 F.3d 771, 790 (5th Cir. 2006) (standard is "substantial" likelihood of success on the merits); Aid for Women v. Foulston, 441 F.3d 1101, 1115 (10th Cir. 2006) (same); BellSouth v. MCIMetro Access Transmission Services, 425 F.3d 964, 968 (11th Cir. 2005) (same); No Spray Coalition v. City of N.Y., 252 F.3d 148, 150 (2d Cir. 2001) (plaintiff must demonstrate a "clear" or "substantial" likelihood of success on the merits); CityFed Fin. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995) (requiring a "substantial" likelihood of success on the merits). The record is not sufficiently developed to determine the case on the merits. Both parties have a

possibility of success, but that is not enough to satisfy Plaintiffs' obligation to show a "substantial" likelihood of success. As to the second factor, Plaintiffs have not shown that without the injunction they will suffer irreparable harm. An injury is irreparable if "it cannot be undone through monetary remedies." Performance Unlimited v. Questar Publishers, 52 F.3d 1373, 1382 (6th Cir. 1995), citing Interox Am. V. PPG. Indus., 736 F.2d 194, 205 (5th Cir. 1984); accord Overstreet v. Lexington-Fayette Urban Co. Gov't, 305 F.3d 566, 578 (6th Cir. 2002); Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992). The harm alleged by Plaintiffs will not support a finding of irreparable injury because Plaintiffs can be made whole by damages if they are successful in their action against Defendants. Moreover, Plaintiffs have not presented compelling evidence that the third and fourth factor weigh in their favor.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urban Co. Gov., 305 F.3d 566, 573 (6th Cir. 2002). Plaintiffs have failed to establish that a preliminary injunction is appropriate under the circumstances presented here.

For the foregoing reasons, the Court DENIES the Plaintiffs' motion for preliminary injunction (docket #69).

So ordered this 27th day of July, 2006.

                                                                 /s/ Wendell A. Miles
                                                                  Wendell A. Miles
                                                                  Senior U.S. District Judge