UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA LEE ADAMS and
BARRY WAYNE ADAMS,

        Plaintiffs,

v.                                                     Case No. 4:05-cv-62

CITY OF MARSHALL, MARSHALL CITY        Hon. Wendell A. Miles
POLICE, MICHAEL OLSON, MAURICE
EVANS, BRUCE ELZINGA, ANDREW
GROENEVELD, LEE FRIEND, TOM KING,
GAIL M. BUDROW-BRADSTREET, STEVEN
QUIGLEY, VINCE TRUDELL, and JOHN DOE(S)
and JANE DOE(S),

        Defendants.
_____/

## OPINION AND ORDER

This matter is presently before the court on Plaintiffs' "Request for Additional Relief Based on New Discovery and Injunctive Relief by Affidavit," (docket #91 - first Request), and a second "Request for Additional Relief Based on New Discovery and Injunctive Relief by Affidavit," (docket #95 - second Request). Defendants responded to the first Request. For the reasons that follow, the Requests are denied.

Plaintiffs alleged that on October 23, 2006, without a warrant, agents of the Calhoun County Sheriff's Department broke into Barry Wayne Adams' home, arrested Mr. Adams and ransacked the house. Mr. Adams was placed in administrative segregation at the Calhoun County Correctional Facility and was denied a telephone call. He was arraigned on October 24, 2006. Bail was set at $20,000 and, in an effort to deny him his right to self-representation, the court attempted to impose a court-appointed attorney. He remained in administrative

segregation for four days until family members discovered his whereabouts. (See first Request, docket #91). It appears Mr. Adams was arrested for failure to pay court-ordered child support. A preliminary hearing was held on October 31, Mr. Adams was bound over for trial, and released on a personal recognizance bond. (Affidavit of Norma Adams, attach. to second Request).

While Mr. Adams was incarcerated prior to his preliminary hearing, he was served with a notice of a violation of the City of Marshall's noxious weed ordinance. (Attach. A to first Request). Plaintiffs responded to the notice with a written request for a hearing before the Municipal Violations Bureau. (Attach. B to first Request). On November 6, Mr. Adams was served with a State of Michigan Uniform Law Citation pertaining to the alleged noxious weed violation, issued by Brett Pehrson of the Marshall City Police Department. (Attach. to second Request). The citation indicated that Mr. Adams would be notified of the date of hearing in the Calhoun County District Court.

Plaintiffs now ask for leave to add Brett Pehrson as a defendant, and amend their prayer for relief. They seek to increase the amount of damages; obtain an order rescinding the City of Marshall's charter; obtain an order terminating the employment of Defendants Friend, Budrow-Bradstreet, Groeneveld and Friend; and obtain an order instituting criminal charges against the Defendants.

First, Plaintiffs' Requests are untimely. The case management order entered on February 8, 2006 (docket #57), sets March 15, 2006 as the deadline for joinder of parties and amendments to pleadings. Second, pursuant to the Uniform Law Citation issued to Plaintiffs, they will receive a judicial hearing regarding the state of their property, which presents an

entirely different situation than the subject of this litigation - i.e. the destruction of Plaintiffs' property allegedly without providing Plaintiffs a pre-deprivation opportunity to be heard. Third, the court does not have the authority to grant some of the relief that Plaintiffs seek. Finally, the issues raised by the criminal proceedings are unrelated to the subject of this litigation. Moreover, "if civil claims were allowed while criminal cases were pending, 'there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.'" Shamaeizadeh v. Cunigan, 182 F.3d 391, 397-98 (6th Cir.1999), quoting Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). Instead, a criminal defendant should "focus on his primary mode of relief--mounting a viable defense to the charges against him--before turning to a civil claim under § 1983." Id. at 399.

For the foregoing reasons, the Court DENIES the Plaintiffs' "Request for Additional Relief Based on New Discovery and Injunctive Relief by Affidavit," (docket #91) and "Request for Additional Relief Based on New Discovery and Injunctive Relief by Affidavit," (docket #95).

So ordered this 22nd day of November, 2006.

                                                  /s/ Wendell A. Miles
                                                Wendell A. Miles
                                                Senior U.S. District Judge