UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORMA LEE ADAMS and
BARRY WAYNE ADAMS,

        Plaintiffs,

v.

CITY OF MARSHALL, MARSHALL CITY
POLICE, MICHAEL OLSON, MAURICE
EVANS, BRUCE ELZINGA, ANDREW
GROENEVELD, LEE FRIEND, TOM KING,
GAIL M. BUDROW-BRADSTREET, STEVEN
QUIGLEY, VINCE TRUDELL, and JOHN DOE(S)
and JANE DOE(S),

        Defendants.

Case No. 4:05-cv-62

Hon. Wendell A. Miles

## OPINION AND ORDER

On December 27, 2006, the court granted Defendants' motion for summary judgment as to Defendants Maurice Evans and Lee Friend, and denied the motion in all other respects. Presently before the court is Plaintiffs' Notice of Objection by Affidavit, which the court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). For the reasons that follow, the court denies the motion.

As the Sixth Circuit summarized in <u>GenCorp, Inc. v. Amer. Int'l Underwriters</u>, 178 F.3d 804, 833-34 (6th Cir. 1999), motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of law, <u>Sault Ste. Marie Tribe of Chippewa Indians v. Engler</u>, 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, <u>Collison v. Int'l Chem. Workers Union, Local 217</u>, 34 F.3d 233, 236 (4th Cir.

1994); Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90-91 n. 3 (1st Cir. 1993); School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. Davis, 912 F.2d at 133; Collison, 34 F.3d at 236; Hayes, 8 F.3d at 90-91 n.3.

Plaintiffs argue that Defendant Evans should not be granted summary judgment because he was "nominated as 'respondeat superior' in the instant action." It is well established that Section 1983, individual capacity suits against supervisors cannot be premised on a theory of respondeat superior or vicarious liability. See, e.g., Skinner v. Govofchin, 463 F.3d 518, 525 (6th Cir. 2006); McQueen v. Beecher Cmty. Sch., 433 F.3d 460, 470 (6th Cir. 2006); Knott v. Sullivan, 418 F.3d 561, 574 (6th Cir. 2005); Turner v. City of Taylor, 412 F.3d 629, 643 (6th Cir. 2005); Miller v. Calhoun County, 408 F.3d 803, 817 n.3 (6th Cir. 2005); Mills v. City of Barbourville, 389 F.3d 568, 580 (6th Cir. 2004); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Hays v. Jefferson County, 668 F.2d 869, 872-74 (6th Cir. 1982).

Plaintiffs next argue that Defendant Friend was not entitled to summary judgment because he participated in the injuries Plaintiffs suffered. To succeed under § 1983, a plaintiff must show a defendant's personal involvement in the acts that constitute a constitutional violation. Salehphour v. Univ. of Tenn., 159 F.3d 199, 206 (6th Cir. 1998); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995); Defendant Friend submitted a sworn affidavit averring that he was not involved in issuing the ordinance violation notice to Plaintiffs or cutting the vegetation at 622 Green Street, and Plaintiffs submitted no competent evidence refuting Defendant Friend's sworn statement.

Plaintiffs further argue that they "will show at trial" that at the time of the alleged constitutional violations there were no procedural safeguards in administering municipal ordinance violation notices, despite the sworn statements submitted by Defendant Budrow-Bradstreet.  However, in defending against a motion for summary judgment, Plaintiffs cannot merely rest upon the allegations in their pleadings, <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 249 (1986); <u>Highland Capital, Inc. v. Franklin Nat'l Bank</u>, 350 F.3d 558, 564 (6th Cir. 2003), and promise to produce admissible evidence at trial to refute Defendants' evidence that proper procedures were in place.  Rather, the Plaintiffs had the burden of submitting actual evidence on which a trier of fact could reasonably find for the plaintiff.  <u>Liberty Lobby</u>, 477 U.S. at 251-52.  Plaintiffs failed to satisfy their burden.

Plaintiffs' motion does not provide any basis for reconsideration.  Accordingly, Plaintiffs'
Notice of Objection by Affidavit (docket #101), which the court construes as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) , is DENIED.


So ordered this 22nd day of January, 2007.

     /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge