UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NORMA LEE ADAMS and
BARRY WAYNE ADAMS,

        Plaintiffs,        Case No. 4:05-cv-62

v.        Hon. Wendell A. Miles

CITY OF MARSHALL, MARSHALL CITY
POLICE, MICHAEL OLSON, MAURICE
EVANS, BRUCE ELZINGA, ANDREW
GROENEVELD, LEE FRIEND, TOM KING,
GAIL M. BUDROW-BRADSTREET, STEVEN
QUIGLEY, VINCE TRUDELL, and JOHN DOE(S)
and JANE DOE(S),

        Defendants.
_____/

## ORDER

Plaintiffs submitted a "Notice of Authorization Made Under Protest by Affidavit," which was rejected because Plaintiffs failed to sign the document. Nonetheless, Defendants filed a "Notice of Objection to Entry of Affidavit Under Protest" (docket #137). Plaintiffs have now filed a "Notice of Objection and Response to Defendants' 'Notice of Objection to Entry of Affidavit Under Protest' by Affidavit." (Docket #141). Liberally construing this pro se document, the court deems it a motion under Federal Rule of Civil Procedure 60(b) to set aside the order of dismissal, and under Federal Rule of Civil Procedure 69 to enforce the settlement agreement.

A settlement conference was held on July 18, 2007, before United States Magistrate

Hugh W. Brenneman, Jr. Plaintiff Norma Lee Adams (Ms. Adams) and counsel for Defendants participated in the conference. Plaintiff Barry Wayne Adams (Mr. Adams) did not attend the settlement conference because he was, and presently is, in the custody of the Michigan Department of Corrections, incarcerated in a state prison. A settlement was reached; a Stipulation of Dismissal with Prejudice signed by Defendants' counsel and both Plaintiffs was filed (docket #134); an Order of Dismissal with Prejudice was entered on August 24, 2007 (docket #136) in accordance with Federal Rule of Civil Procedure 41(a)(1)(ii); and this case was closed. Plaintiffs now claim that Defendants' counsel "used undue influence and superior knowledge to induce settlement at the conference . . . and unconscionably took advantage of the inferior legal knowledge of . . . Norma Lee Adams in order to procure settlement by fraudulent means." The court construes Plaintiffs' claim as seeking relief from the order of dismissal under Fed. R. Civ. P. 60(b)(3) and/or (6).[1] The court listened to the entire tape recording of the settlement conference, and finds that Plaintiffs' claim has no merit. Magistrate Judge Brenneman spoke to the Defendants and Ms. Adams separately and out of the presence of the other. Defense counsel had no opportunity to assert undue influence over Ms. Adams, or to take advantage of her by any other means. Moreover, Magistrate Judge Brenneman carefully explained the settlement procedure to Ms. Adams, answered each of her questions in a clear, understandable manner, and advised that Plaintiffs could choose not to settle. On the record, Magistrate Judge Brenneman again advised Ms. Adams that Plaintiffs were under no obligation to settle and could proceed to trial where they might be awarded more or less than the settlement

---

[1] Under Fed. R. Civ. P. 60(b), a court may relieve a party from an order for fraud, misrepresentation or other conduct of an adverse party, Rule 60(b)(3), or any other reason justifying relief, Rule 60(b)(6), and other reasons that are not relevant to this case.

figure, or nothing at all. Ms. Adams stated that she understood Plaintiffs' options.

Plaintiffs also complain that Mr. Adams was not present at the conference and "does not have first-hand knowledge of the terms and conditions that were discussed between" defense counsel and Ms. Adams. The tape recording reveals that Ms. Adams informed Magistrate Judge Brenneman that she had full authority to settle this matter and, in fact, Mr. Adams had given her power of attorney. On the record, Ms. Adams informed defense counsel that she had Mr. Adams' power of attorney and authority to settle on his behalf. In their present motion, Plaintiffs do not claim that Ms. Adams was mistaken about the power of attorney, or that she misled Magistrate Judge Brenneman regarding her authority to settle this case. Because the court finds no fraudulent conduct on the part of the Defendants, or any other reason that would justify relief from the order of dismissal, the court will not set aside the order.

Although it appears that Plaintiffs are challenging the settlement agreement, they also invoke Federal Rule of Civil Procedure 69, and ask the court to order Defendants to tender the settlement amount to Mrs. Adams. Rule 69 governs the enforcement of a judgment. Because there was no judgment entered in this case, Rule 69 is not applicable. The Supreme Court of the United States made clear in <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994) that under the circumstances presented here, this court may not enforce a settlement agreement pursuant to its ancillary jurisdiction unless the court specifically retained jurisdiction or incorporated the terms of the settlement agreement in its order of dismissal. <u>Id.</u> at 381. Here, the order dismissing the case did neither.[2] When parties enter into a settlement agreement and file a

---

[2]The Order of Dismissal with Prejudice states in its entirety:
Pursuant to the Stipulation of the Parties hereto, this matter having been resolved and this Court being otherwise fully aware of the premises herein:
IT IS HEREBY ORDERED THAT the above entitled matter be, and the same is hereby dismissed, with prejudice, as to all parties, said dismissal is hereby entered without further costs or attorney fees for any party;

3

stipulation to dismiss the case in accordance with Fed. R. Civ. P. 41(a)(1)(ii), absent a request from the parties, the court generally does not retain jurisdiction or incorporate the terms of the settlement in the order of dismissal.  In this case, nothing in the stipulation of dismissal or the order of dismissal, both prepared by Defendants' counsel, indicated that the parties intended that the court retain jurisdiction, nor were the terms of the settlement set forth.  Both documents merely stated that this matter had been resolved.  The courts "mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of the order."  Id.

Where the court neither retained jurisdiction nor incorporated the terms of the settlement in the order dismissing the case, enforcement of the settlement agreement, which is a contract between the parties, lies in the state courts.  Id. at 381-82; and see, Caudill v. North Am. Media Corp., 200 F. 3d 914, 917 (6th Cir. 2000) (holding that an order dismissing a case "pursuant to the terms of the parties' settlement agreement" does not provide a district court with ancillary jurisdiction to enforce the agreement under Kokkonen); McAlpin v. Lexington 76 Auto Truck Stop, 229 F.3d 491 (6th Cir. 2000) (same); In re Phar-More Inc., Securities Litigation, 172 F.3d 270 (3d Cir. 1999) (same); Scela v. City Univ. of N.Y., 76 F.3d 37, 41 (2d Cir. 1996) (finding no jurisdiction where court dismissed the action with prejudice after approving an order drafted by the parties pursuant to Fed. R. Civ. P. 41(a)(1)(ii)).  The court finds that under the holding in Kokkonen, it lacks jurisdiction over the enforcement of the parties' settlement agreement.

IT IS FURTHER ORDERED THAT this is a final Order of the court and the case is now closed.

Accordingly, Plaintiffs' "Notice of Objection and Response to Defendants' 'Notice of Objection to Entry of Affidavit Under Protest' by Affidavit" (docket #141), deemed a motion for relief from order of dismissal and to enforce settlement agreement is DENIED.

So ordered this 22nd day of October, 2007.

                                                     /s/ Wendell A. Miles
                                                     Wendell A. Miles
                                                     Senior U.S. District Judge